# EXHIBIT A

Filing # 133565119 E-Filed 08/27/2021 01:36:56 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

RALPH NACCA,

        Plaintiff,

v.

FUTURE MOTION, INC.,

        Defendant.

CASE NO: 05-2021-CA-042494-XXXX-XX

Date _____ Time _____
Initials _____ ID # _____

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production and Request for Admissions in the above-styled cause upon the Defendant:

**FUTURE MOTION, INC.**
**C/O Registered Agent, A Registered Agent, Inc.**
**8 The Green, Suite A**
**Dover, DE 19901**

    Each Defendant is hereby required to serve written defenses to said Complaint or Petition on BRANDEN WEBER, , **Morgan & Morgan, P.A.**, 20 North Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979. Telephone: (407) 420-1414, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

1

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, **BREVARD COUNTY COURTHOUSE, 2825 JUDGE FRAN JAMIESON WAY, VIERA 32940, (321) 633-2171**, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS my hand and the seal of this Court on this the __30__ day of __AUGUST__, __2021__.

Clerk of the Circuit Court

By _____
As Deputy Clerk

2

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o Voice (V) 1-800-955-8770, via Florida Relay Service.

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez

3

telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service."

> MORGAN & MORGAN, P.A.
> POST OFFICE BOX 4979
> 20 NORTH ORANGE AVENUE, SUITE 1600
> ORLANDO, FLORIDA 32802-4979

Filing # 133565119 E-Filed 08/27/2021 01:36:56 PM

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
## IN AND FOR BREVARD COUNTY, FLORIDA

RALPH NACCA,

    Plaintiff,

Case No.: _____

v.

FUTURE MOTION, INC.,

    Defendant.

_____

## COMPLAINT

**COMES NOW** Plaintiff, Ralph Nacca, to sue Defendant, Future Motion, Inc., for the claims stated herein. In support thereof, Plaintiff states:

### SUMMARY OF THE ACTION

Plaintiff brings this civil action to recover for the severe and permanent injuries he suffered as a result of dangerously defective "OneWheel" product, a self-balancing electric transporter designed, manufactured, marketed, distributed and sold by Defendant Future Motion, Inc. ("FM"), and marketed, distributed, and sold by Future Motion, Inc. ("FM").

### THE PARTIES, JURISDICTION & VENUE

1. At all times material hereto, Plaintiff, Ralph Nacca, is a Florida citizen, resident, and domiciliary who lives in Merritt Island, Florida.

2. At all times material hereto, Defendant FM is a corporation organized and existing under the laws of Delaware with its principal place of business in California.

3. Defendant FM may be served with process by serving its registered agent, A Registered Agent, Inc., 8 The Green, Ste. A, Dover, Delaware 19901.

during use. Often, however, instead of or in addition to pushback, which is allegedly designed as a warning to riders to avoid a dangerous situation, the OneWheel will simply shut off and **nosedive**, resulting in the rider being catapulted off the device. The harder the device works to maintain operations, the less the OneWheel is able to assist the rider in balancing.

17. Once the motor's resources reach a critical point, the motor's normal ability to help the rider balance disappears, and the rider will experience an unexpected nosedive. Often, this will feel to the rider like the motor suddenly cut out or shut down. Different factors impact when and what will cause the OneWheel to shutdown and nosedive, including the rider's weight, tire pressure, wind direction, battery level, rider stance, and the grade of incline or decline. Thus, predicting exactly when a nosedive will occur or what will cause one is practically impossible.

18. The primary cause of "pushback" nosediving is velocity. When experiencing velocity pushback, the rider will purportedly feel the nose of the board rise to various degrees when a certain velocity is reached. Often, velocity pushback occurs at a speed lower than that of the maximum due to the above-mentioned factors.

19. Pushback and nosedives also occur on inclines and declines, purportedly to alert the rider that the motor may be becoming overworked. The problem with this form of pushback, however, is that it is difficult to discern when the rider is feeling pushback, or whether it is the natural resistance caused by the incline/decline. While ascending hills, riders are already pressing against the nose and the grade of the hill to ascend, and therefore may not discern pushback. While descending, a rider may not feel pushback because his/her weight is likely to already be on the tail to control speed. Pushback in such situations will likely result in a sudden nosedive or tailspin, especially if the rider is unaware that the board is giving them pushback. Again, the result will be that the rider feels the board suddenly shut down during operation

20. Another form of pushback occurs when the OneWheel is nearing battery depletion. This pushback purportedly alerts riders by elevating the nose dramatically. When the OneWheel purportedly senses that the batteries are about to be damaged by over-depletion, the board will shut off entirely, leaving the rider to suddenly and unexpectedly recalibrate his/her balance, often resulting in the rider being thrown from the board.

21. Yet another form of pushback is referred to as regeneration pushback. One way that the OneWheel recharges its battery is to collect kinetic energy when going down a decline and to reserve such power in the battery. However, this may result in the battery becoming overcharged, which would damage the battery. FM "addressed" this problem by designing the board to suddenly and unexpectedly shut down to prevent battery damage, at the expense of rider safety. Instead of allowing the battery to overcharge, prior to regeneration-related damage to the battery, the OneWheel will shut down. The same problems in discerning pushback while ascending/descending also occur in this situation.

22. Another common cause of nosedives is acceleration. If a rider attempts to accelerate quickly, the motor may not support the sudden weight and force on it and the nose will suddenly drop. Yet, FM advertises its OneWheels' ability to accelerate quickly, even from a complete stop. Such acceleration nosedives can happen at any speed, even from a dead stop, and the rider will feel as though the motor has suddenly cut out or shut off. Tail-slides occur when the rider shifts his/her weight onto the back of the board and thereby overwhelms the motor. In that case, the tail of the board will suddenly drop and slide on the ground, causing the rider to become instantly unbalanced.

23. Not only is it prohibitively difficult to determine when nosedives/tailspins/shut-offs will occur, but the result of such unexpected and undiscernible events almost invariably cause the rider to be ejected or fall from the board, resulting in severe injuries, as occurred in this

case. A OneWheel nosedive or shut-off is not a mild event as it might be with any other type of vehicle. The front of the board violently slams into the ground and the rider is thrown forward.

### THE INCIDENT

24. On or about March 3, 2021, Plaintiff was riding the Subject OneWheel in Merritt Island, FL 32953.

25. Plaintiff was riding the Subject OneWheel in a straight line on a paved road and without warning, the Subject OneWheel suddenly shut off and "nosedived," causing the front of the board to slam into the ground and throwing Plaintiff from the board. As a result of being unexpectedly thrown from the Subject OneWheel, Plaintiff suffered numerous broken ribs, a punctured lung, and a torn ligament in his right shoulder that resulted in several surgeries.

26. In a daze, Plaintiff was transported to two different hospitals for treatment.

27. The Subject OneWheel is defective in its design, manufacture, and/or warning.

28. The defective condition of the Subject OneWheel rendered the product unreasonably dangerous for its designed, intended, and foreseeable uses.

29. The Subject OneWheel failed to perform as safely as an ordinary consumer would expect when riding the Subject OneWheel as intended in a foreseeable ride.

30. The Subject OneWheel's defective and unreasonably dangerous condition existed at the time the Subject OneWheel left Defendant's final possession, custody, and control. The Subject OneWheel remained in its defective and unreasonably dangerous condition until and throughout the incident that forms the basis of this lawsuit.

The Subject OneWheel's defective condition actually and proximately caused injury and damage to Plaintiff.

### COUNT I—STRICT LIABILITY
(Plaintiff v. Defendant, Future Motion, Inc.)

31. Plaintiff re-alleges and incorporates paragraphs 1 through 0 of this Complaint as if fully stated herein.

32. Defendant FM designed, manufactured, distributed, supplied, and sold the Subject OneWheel and otherwise placed the Subject OneWheel used by Plaintiff into the stream of commerce.

33. The Subject OneWheel is defective in its design, manufacture, and/or warning.

34. The Subject OneWheel's defective condition rendered it unreasonably dangerous for its designed, intended, and foreseeable uses.

35. The Subject OneWheel's defective condition actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff, Ralph Nacca, demands judgment against Defendant, Future Motion, Inc., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT II—NEGLIGENCE
(Plaintiff v. Defendant, Future Motion, Inc.)

36. Plaintiff re-alleges and incorporates paragraphs 1 through 0 of this Complaint as if fully stated herein.

37. Defendant FM designed, manufactured, distributed, supplied, and sold the Subject OneWheel and otherwise placed the Subject OneWheel used by Plaintiff into the stream of commerce.

38. Defendant FM owed a duty to properly design, manufacture, distribute, supply, and sell the Subject OneWheel in a safe condition and without defect.

39. Defendant FM owed a duty to adequately test, inspect, and assure the quality of the Subject OneWheel before placing it into the stream of commerce.

40. Defendant FM owed a duty to provide adequate warnings, instructions, and information with the Subject OneWheel.

41. Defendant FM breached the above duties.

42. Defendant FM's breach of the above duties actually and proximately caused injury and damage to Plaintiff.

**WHEREFORE**, Plaintiff, Ralph Nacca, demands judgment against Defendant, Future Motion, Inc., for all injuries and damages sustained as a result of the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, costs, and interest, and for any such further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, Ralph Nacca, hereby demands a trial by jury on all issues so triable.

Dated: August 27, 2021                    Respectfully submitted,

/s/ Branden Weber, Esq.
**Branden Weber, Esq.**
Florida Bar No.: 124283
**Morgan & Morgan, P.A.**
20 North Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Email: bweber@forthepeople.com
Secondary Email: dduncan@forthepeople.com
*Counsel for Plaintiff*

Filing # 133565119 E-Filed 08/27/2021 03:07:43 PM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

RALPH NACCA,

      Plaintiff,

Case No.: _____

v.

FUTURE MOTION, INC.,

      Defendant.

## CASE MANAGEMENT PLAN

(GENERAL)

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

RALPH NACCA,

        Plaintiff,

v.

Case No.: _____

FUTURE MOTION, INC.,

        Defendant.

_____

## CASE MANAGEMENT ORDER
### (GENERAL)

Pursuant to the dictates of Administrative Order AOSC20-23 of the Florida Supreme Court, and AO 21-24, Eighteenth Judicial Circuit, it is, hereby,

**ADJUDGED** that the following deadlines are applicable to this action, and that same will be strictly applied by the Court:

The projected date of trial for this matter is the trial docket beginning_____. A firm trial date will be ordered by the presiding judge when this matter is at issue and notice as to same is filed in accordance with Rule 1.440, Fla. R. Civ. P.

Any request(s) for the addition of new parties, or amendments to the pleadings, shall be served within___days of the date of this Order.

The fact witnesses of all parties shall be disclosed to all other parties no later than____days prior to the above projected trial date.

All of Plaintiff's Expert Witnesses shall be disclosed to all other parties no later than____days prior to the above projected trial date. Defendant's Expert Witnesses shall be disclosed to all other parties within 30 days thereafter.

All fact AND expert discovery shall be completed no later than___ days prior to the above projected trial date.

All objections to the pleadings, and all pre-trial motions shall be resolved no later than___days prior to the above projected trial date.

Mediation shall be completed no later than _____ days prior to the above projected trial date.

## ORDER

**THE COURT**, having reviewed the preceding Case Management Dates finding them to be satisfactory. Accordingly, it is hereby **ORDERED** that:

1. **COMPLIANCE WITH THIS CASE MANAGEMENT ORDER**: The parties shall strictly comply with the terms of this Case Management Plan and Case Management Order unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.

2. **ADDITIONAL EIGHTEENTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES**: All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following: (i) **Amended Administrative Order Establishing the Eighteenth Judicial Circuit Courtroom Decorum Policy (AO 09-06)**, and (ii) **any division-specific guidelines and policies that may be applicable**.

3. **MODIFICATION OF THIS ORDER**: The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion, stipulation and Court order in accordance with applicable law.

4. **NOTICES FOR TRIAL**: Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., or within ten (10) days from the date of this Order if the case has been at issue longer than ten (10) days, the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Case Manager at the email address noted on the Eighteenth Judicial Circuit website.

5. **DISCOVERY**: All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

6. **SERVICE OF THIS ORDER**: Counsel is ordered to promptly serve and file proof with the Clerk, no more than five (5) business days from the date of this Order that all *pro se* parties, subsequently named or appearing herein, have been served copies of this Order. In the event a party is unrepresented and has not designated an email address for purposes of electronic service, counsel for Plaintiff shall be responsible for serving this Order and all future orders of the Court via a non-electronic means (U.S. mail, Federal Express or the equivalent) and shall file a Certificate of Service with the Court indicating who was served, the date of service, and the method of service (including any address or email used) within three (3) business days. If Plaintiff is unrepresented, Counsel for the Defendant shall have this same obligation. If all parties are unrepresented, the Plaintiff shall provide stamped addressed envelopes to the Court with submission of this and any other proposed Order.

7. **SETTLEMENT**: *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

**DONE AND ORDERED** this _____ day of _____, 2021, in _____, _____ County, Florida.

CIRCUIT JUDGE

*A true and correct copy of the foregoing was distributed to all parties by filing and service via the eportal to all attorney(s)/interested parties identified on the eportal Electronic Service List.*

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.